### L. B. PREWETT et al. *v.* B. F. NASH.

1. PRACTICE — JUSTICE OF PEACE — APPEALS. — This court upon a writ of error from the circuit court cannot review the proceedings in the case had before a justice of the peace, and correct any irregularity therein.
2. SAME — JUDGMENT — DAMAGES. — On an appeal from a justice of the peace to the circuit court, if the verdict be for the plaintiff in the original suit, ten per cent. damages shall be included in the judgment, and the judgment should be rendered against the principal and his sureties on the appeal bond jointly. Code of 1871, § 1334.

ERROR to the Circuit Court of Pike County. Hon. JAMES M. SMILEY, Judge.

Defendant in error sued plaintiffs in error before a justice of the peace, for $125. The jury found a verdict for the "full amount claimed and the costs of suit." After the jury had returned their verdict and were discharged, they were recalled by the justice, and added to their verdict the following words: "The amount claimed being $125," and judgment was entered accordingly. From this judgment plaintiffs in error appealed to the circuit court. Upon the trial in the circuit court there was a verdict for defendant in error for $40, and judgment was entered accordingly against plaintiffs in error and the surety on their appeal bond for that sum, with ten per cent. damages, interest and costs.

From which judgment they prosecute a writ of error to this court, and assign as error:

1. The circuit court should have reversed the judgment of the justice; and have remanded the cause for trial, it being irregular for the justice to recall the jury after they were discharged, to amend their verdict, and then to enter judgment on the amended verdict.

2. The judgment of the justice was for $125 and costs. The verdict in the circuit court was for only $40. It was error for the circuit court to award ten per cent. damages in such a case, or to give judgment against the surety on the appeal bond.

*George L. Potter*, for plaintiffs in error, contended:

1. That it was irregular for the justice to recall the jury to amend their verdict after they had been discharged, and then to enter judgment on the amended verdict. That the circuit court should have reversed that judgment and have remanded the cause for a trial before the justice, that being the only mode to correct such errors.

2. That the judgment before the justice was for $125 and costs. On the appeal to the circuit court the verdict was for only $40. As the verdict was less in the circuit court, plaintiffs in error prevailed on the appeal, and it was error to charge the ten per cent. damages and to enter judgment on the appeal bond.

*S. E. Packwood,* for defendant in error.

Reporters find no brief on file for defendant in error.

SIMRALL, J., delivered the opinion of the court.

There was verdict and judgment in the court of the justice of the peace for one hundred and twenty-five dollars. On the trial of the appeal *de novo* in the circuit court, the plaintiff obtained a verdict for forty dollars. Thereupon, judgment was rendered against the defendant (who was the appellant), and his surety in the appeal bond for the amount of the verdict, and ten per cent. damages thereon. There is no bill of exceptions.

It is objected, in this court, that it was irregular, after the justice of the peace had permitted the jury to disperse, to recall them and allow an amendment of their verdict, so as to put it in apt form.

But, upon this writ of error, we cannot review the proceedings before the justice of the peace, and correct the irregularity complained of, if, indeed, it amounted to fatal error.

The second objection is, that it was error to render a judgment against appellant and his surety for the $40 and ten per cent. damages, since he had succeeded in reducing the judgment awarded by the justice of the peace.

The practice in such cases is given by the statute, and the judgment complained of is in strict accordance with it. "If," says the statute (§ 1334, Code of 1871), "the defendant be the appellant, and judgment be rendered for the plaintiff in the original suit, ten per cent. damages thereon shall be included in such judgment and costs, and judgment shall be rendered against the principal and his sureties jointly." Moreover, the condition of the bond is "for the payment of such judgment as the said circuit court may render." § 1332, Code.

There is no error. Let the judgment be affirmed.